DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas. This court affirms the judgment of the trial court.
 {¶ 2} Appellant, William St.Clair, pled guilty to one count of sexual battery, a violation of R.C. 2907.03(A)(5), and one count of gross sexual imposition, a violation of R.C.2907.05(A)(4), for conduct with two of his minor granddaughters. As part of his sentence, appellant was placed on community control ("CC") for four years with several conditions including the following which appellant timely appealed:
 {¶ 3} "7. Defendant shall not attend any gatherings where children under the age of 18 are congregated."
 {¶ 4} Appellant argues that the breadth of the above CC condition would preclude his ability to be present in any number of unavoidable situations of basic living, such as going to supermarkets, stores, restaurants, etc. This court finds no merit in this argument.
 {¶ 5} In State v. Jones (1990), 49 Ohio St.3d 51, 53, the Ohio Supreme Court established the following three-part test for evaluating probation conditions which is also applicable for evaluating CC conditions:
 {¶ 6} "In determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." (Citations omitted).
 {¶ 7} The condition imposed in Jones is "no association or communication, direct or indirect, with anyone under the age of eighteen (18) years not a member of his immediate family." Id. at 52. The underlying crime involved five counts of giving alcohol to boys aged 10, 13, and 15, and/or assisting them in running away. Id. The Ohio Supreme Court upheld this probation condition and stated that:
 {¶ 8} "Literal enforcement of any condition of probation, including the instant one, could be found to be unreasonable under some suggested fact patterns. For example, it might be unreasonable to find a violation of the probation condition for the probationer to be in the presence of people under the age of eighteen years while he was attending church services or programs or a group therapy program, or in any normal work setting, among other situations. Courts imposing conditions on probation are not expected to define with specificity the probationer's behavior in all possible circumstances. Rather, the conditions must be clear enough to notify the probationer of the conduct expected of him, with the understanding that the court will act reasonably at a revocation hearing, aware of the practicalities and fundamental goals of probation." Id. at 55.
 {¶ 9} Merriam-Webster's Collegiate Dictionary (10th Ed. 1996) 243 defines congregate as "to collect into a group or crowd * * * to come together into a group, crowd or assembly." Merriam-Webster's Collegiate Dictionary (10th Ed. 1996) 482 defines gathering as an assembly or meeting. Merriam-Webster's Collegiate Dictionary (10th Ed. 1996) 278 defines crowd as a large number of persons when collected together. Thus, the plain meaning of CC condition seven is that appellant is not to be where a large number of children under the age of 18 have collected together.
 {¶ 10} This court has reviewed the entire record and, upon consideration thereof and the law, finds that the CC condition seven is reasonably related to rehabilitating appellant, is directly related to the crime for which he was convicted, and is reasonably related to appellant's future criminality. Accordingly, appellant's assignment of error is found not well-taken.
 {¶ 11} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J., concur.